IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. JEFFERSON,                                   No. CIV S-10-0340-MCE CMK-P

       Plaintiff,

  vs.                                                            FINDINGS AND RECOMMENDATIONS

J.R. WEAVER, et al.,

       Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names three defendants in this action: Weaver, Doowly and Agguirre.  He claims defendant Weaver threatened to have him killed or assaulted, then followed through on those threats by refusing to place him in a special needs yard and by telling other inmates he was a snitch.  He claims defendants Weaver and Doowly destroyed some of his property.  He also claims defendant Doowly put razor blades in his food.  His claims against Agguirre are unclear, but apparently relate to the destruction of his property as he is requesting Agguirre and Doowly pay for the damage to his property.

By separate order, the undersigned found Plaintiff's complaint, read liberally and broadly as the court must, appears sufficient to state a cognizable claim for relief, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), as to defendants Weaver and Doowly for failure to protect and placing his safety at risk.  However, his claims for the destruction of his property are insufficient to state a claim, and the undersigned will recommend those claims and defendant Agguirre be dismissed from this action

## II. DISCUSSION

Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.

See Hudson, 468 U.S. at 531 n.11.  An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See Zinermon, 494 U.S. at 128-29.

Here, given plaintiff's ability to file a state tort action based on damage to his property, he cannot state a cognizable claim under § 1983.  The only apparent claim against defendant Agguirre relates to the destruction of his property, and as this is not a cognizable claim, defendant Agguirre should be dismissed from this action.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of his property claim.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's claims for destruction of property be dismissed as non-cognizable claims under § 1983, and defendant Agguirre be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 13, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE