1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

8

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9
10  JAMES L. JEFFERSON                          No. CIV S-10-0340-MCE CMK-P

11               Plaintiff,

12        vs.                                   ORDER

13  J.R. WEAVER, et al.,

14               Defendants.

15  _____/

16               Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

17  U.S.C. § 1983.  Pending before the court are Plaintiff's objections to the undersigned findings

18  and recommendations recommending defendant Agguirre be dismissed from this action.

19               In his objections, Plaintiff appears to be claiming that defendant Agguirre was

20  also directly involved in the activities he complains about, including placing the razor blades in

21  his food and harassing him.  He also continues to complain about the destruction or confiscation

22  of his property.[1]

23  / / /

24  _____

25        [1]      Plaintiff also indicates he has sent the court a change of address.  The court has no
    change of address on file.  As far as the court is aware, Plaintiff is currently at being housed at
26  CSP Sacramento.

1

1    As Plaintiff has already been made aware, if a state has a post-deprivation remedy,

2  there is no cognizable claim under 42 U.S.C. § 1983 for the destruction of the property.  See

3  Zinermon v. Burch, 494 U.S. 113, 129-32 (1990).  His claims regarding his property are therefore

4  insufficient to state a claim against any of the defendants.  However, his other claims relate to his

5  treatment and safety.  To the extent he is claiming defendant Agguirre was personally involved in

6  those claims, Plaintiff should be given an opportunity to file an amended complaint to make

7  those claims clear.

8    However, if Plaintiff chooses to file an amended complaint, he should keep the

9  following in mind.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

10  connection or link between the actions of the named defendants and the alleged deprivations.

11  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

16  conclusory allegations concerning the involvement of official personnel in civil rights violations

17  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

18  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

19  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

20    The treatment a prisoner receives in prison and the conditions under which the

21  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

22  and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

23  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

24  of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

25  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

26  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

2

"food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

/ / /

3

1    Finally, Plaintiff is informed that, as a general rule, an amended complaint

2  supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3  Therefore, if plaintiff chooses to file an amended complaint, the court cannot refer to the prior

4  pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An

5  amended complaint must be complete in itself without reference to any prior pleading.  See id.

6    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

7  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

8  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

9  each named defendant is involved, and must set forth some affirmative link or connection

10  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

11  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12    However, the court has already determined that Plaintiff's complaint appears to

13  otherwise state cognizable claims, so no amended complaint is necessary to go forward with this

14  action against defendants Weaver and Doowly.  Plaintiff need only file an amended complaint if

15  he wishes to try to state a claim against defendant Agguirre.  If no amended complaint is filed

16  within the time allowed therefor, the undersigned will issue amended findings and

17  recommendations that defendant Agguirre be dismissed.  Plaintiff has already been provided the

18  necessary service forms in order for the US Marshal to serve defendants Weaver and Doowly.

19  He has not, however, returned them to this court.  If Plaintiff chooses not to file an amended

20  complaint, but wishes to continue in this action against defendants Weaver and Doowly, he will

21  be required to return the service forms in a timely manner.

22    Accordingly, IT IS HEREBY ORDERED that:

23    1.    The findings and recommendations that defendant Agguirre be dismissed

24  from this action (Doc. 11) are vacated; and

25  / / /

26  / / /

1          2.      Plaintiff may file an amended complaint within 30 days of the date of

2   service of this order.

3

4   DATED: August 5, 2010

5                                                   _____

6                                                   **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26