IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. JEFFERSON,     No. CIV S-10-0340-MCE CMK-P

    Plaintiff,

  vs.     FINDINGS AND RECOMMENDATIONS

J.R. WEAVER, et al.,

    Defendants.

_____/

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

    The undersigned previously screened the complaint, pursuant to 28 U.S.C. § 1915A(a), and found it was sufficient to state a claim as to defendants Weaver and Doowly, but deficient as to Plaintiff's claims against Agguirre. Specifically, in the findings and recommendations issued July 14, 2010, the undersigned stated:

> Plaintiff names three defendants in this action: Weaver, Doowly and Agguirre. He claims defendant Weaver threatened to have him killed or assaulted, then followed through on those threats by refusing to place him in a special needs yard and by telling other inmates he was a snitch. He claims defendants Weaver and Doowly destroyed some of his property. He also claims defendant Doowly put razor blades in his food. His claims against Agguirre are unclear, but apparently relate to the destruction of his property as he is requesting Agguirre and

1 Doowly pay for the damage to his property.

2 By separate order, the undersigned found Plaintiff's complaint, read liberally and broadly as the court must, appears sufficient to state a cognizable claim for relief, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), as to defendants Weaver and Doowly for failure to protect and placing his safety at risk. However, his claims for the destruction of his property are insufficient to state a claim, and the undersigned will recommend those claims and defendant Agguirre be dismissed from this action.

. . .

Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See Zinermon, 494 U.S. at 128-29.

Here, given plaintiff's ability to file a state tort action based on damage to his property, he cannot state a cognizable claim under § 1983.  The only apparent claim against defendant Agguirre relates to the destruction of his property, and as this is not a cognizable claim, defendant Agguirre should be dismissed from this action.

In response to the July 14, 2010, findings and recommendations, Plaintiff requested additional time to file an amended complaint indicating that perhaps Agguirre was also involved in the alleged constitutional violations, including failure to protect and placing Plaintiff's safety at risk.  The undersigned therefore vacated the previous findings and recommendations, and provided Plaintiff with an opportunity to file his amended complaint.  No amended complaint has been filed despite additional time being granted.  In addition, according to Plaintiff's recent filings, it appears that in fact the only claims he has against Agguirre relate to the destruction of property, which the undersigned previously found insufficient.

/ / /

As Plaintiff has been provided sufficient time to file an amended complaint to resolve the deficiencies identified, and no such amended complaint has been filed, it appears plaintiff is either unable or unwilling to cure the defects in his complaint. Plaintiff is therefore not entitled to additional leave to amend prior to dismissal of the this defendant. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's claims for destruction of property be dismissed as non-cognizable claims under § 1983, and defendant Agguirre be dismissed for failure to state a claim. This action will then proceed against defendants Doowly and Weaver.

These findings and recommendations are submitted to the United States District Juigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 29, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE