IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. JEFFERSON, | No. CIV S-10-0340-MCE CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| J.R. WEAVER, et al., | |
|     Defendants. | |
|                          / | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' unopposed motion to compel (Doc. 31) and plaintiff's motion for continuation of discovery (Doc. 32).

       In their motion to compel, defendants argue that discovery was propounded on plaintiff, including interrogatories, requests for production of documents, and requests for admissions, on March 31, 2011. Pursuant to the court's scheduling order, responses to the discovery requests were due 45 days later, or May 16, 2011. However, defendants have received no response, even after sending plaintiff a meet and confer letter, on May 31, 2011.

       The scope of discovery is generally governed by Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) provides that "the scope of discovery is as follows: Parties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Rule 37 provides that if a party fails to respond to discovery requests, the propounding party may move for an order compelling an answer.  See Fed. R. Civ. Proc. 37(a)(3)(B).  Generally, discovery responses are due within 30 days after being served, unless otherwise ordered by the court.  See e.g., Fed. R. Civ. Proc. 33(b)(2), 36(a)(3).  Here, pursuant to the scheduling order issued March 30, 2011, the court has allowed 45 days for responses, due to plaintiff's incarceration.

Plaintiff has not filed an opposition to the motion to compel, so has not offered any reason why this motion should not be granted.  The complete failure of plaintiff to respond in any way to defendants' propounded discovery requests requires an order compelling a response.  As for plaintiff's failure to provide responses to the interrogatories, and produce the documents requested, plaintiff will be required, within a short amount of time provided herein, to provide defendants with appropriate responses.  Having not provided timely responses, plaintiff has waived any objection he may have to the requests propounded.  See Fed. R. Civ. Proc 33(b)(4). Failure to provide full and complete answers to the questions and requests will therefore be grounds for additional sanctions.

As for plaintiff's failure to respond to the request for admissions, Rule 36 provides that the failure to timely respond will result in the matter being deemed admitted.  See Fed. R. Civ. Proc. 36(a)(3). As plaintiff failed to respond at all, the rule is clear that the matters are to be deemed admitted.  This is not a case wherein plaintiff responded and the court was determining the sufficiency of the response.  Here, no response was received nor did plaintiff file an opposition to this motion providing the court with an explanation or request to be relieved from his failure to do so.  Thus, the request for admissions at issue here are deemed admitted.

/ / /

1        Defendants also request monetary sanctions from plaintiff for his failure to
2 respond and for having to bring this motion.  Sanctions are required where a motion to compel is
3 granted, unless "circumstances make an award of expenses unjust." Fed. R. Civ. Proc.
4 37(a)(5)(A)(iii).  Here, given plaintiff's incarceration and *in forma pauperis* status, an award of
5 monetary sanctions is not feasible nor is it likely to compel plaintiff to comply with this order.
6 Thus, monetary sanctions will not be granted at this time.  However, plaintiff is warned that his
7 failure to comply with this order and provide defendants will full and complete responses to the
8 discovery requests may result in other sanctions, including the dismissal of this action for his
9 failure to participate.  Defendants cannot be required to defend this action where plaintiff refuses
10 to follow court orders and the Federal Rules of Civil Procedure.  While the court acknowledges
11 that plaintiff is proceeding pro se, that does not excuse his failure to provide appropriate
12 responses.  "Although we construe pleadings liberally in their favor, pro se litigants are bound by
13 the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citing King v. Atiyeh,
14 814 F.2d 565, 567 (9th Cir. 1987)).
15        If plaintiff fails to provide full and adequate responses to the outstanding
16 discovery, within the time provided herein, defendants may bring a renewed motion for sanction,
17 including dismissal sanctions.   Such a motion shall be filed within 14 days of the date the
18 discovery responses are due.
19        Finally, plaintiff filed a document titled "Motion to Continue with Discovery
20 Evidence."  It is unclear what plaintiff is requesting.  The majority of the document relates to
21 plaintiff's complaint of mistreatment, and does not address any discovery issue at all.  There is no
22 actual request therein to extend the time set forth for discovery in this matter.  To the extent the
23 title of the document requests an extension of the discovery deadline, the court notes that it was
24 filed well before the deadline passed, and he provided no reason for the extension.  There is
25 nothing in the document which could be construed as providing any reason for extending the
26 discovery deadline.  The motion will therefore be denied.

Given the additional time provided herein for responses to the outstanding discovery, good cause exists to modify the scheduling order extending the deadline for dispositive motions. The current scheduling order sets the dispositive motions deadline 90 days after the discovery cut-off date. While the court is not extending the discovery cut-off date for additional discovery to be completed, the responses to the outstanding discovery requests are due within 30 days. It is reasonable to therefore extend the dispositive motions deadline to 90 days beyond the new response deadline. Dispositive motions shall therefore be filed within 120 days of the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Doc. 31) is granted;

2. Plaintiff shall, within 30 days of the date of this order, serve his responses to the pending discovery requests on defendants without objection;

3. Failure to serve full and complete responses to the pending discovery requests may result in further sanctions, including the dismissal of this action for plaintiff's failure to follow court orders and prosecute his case;

4. The requests for admissions propounded on plaintiff March 31, 2011, are hereby deemed admitted;

5. Plaintiff's motion to continue discovery (Doc. 32) is denied; and

6. The scheduling order is modified so that any dispositive motions shall be filed within 120 days of the date of this order.

DATED: September 29, 2011

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE