IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. JEFFERSON, | No. CIV S-10-0340-MCE CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| J.R. WEAVER, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for appointment of counsel (Doc. 40).  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances.

/ / /

1    In addition, plaintiff is complaining about how defense counsel is treating him,
2 and has requested the imposition of sanctions.  Plaintiff indicates that during his deposition, he
3 requested he be called by the title of Mrs.  Apparently, that title was altered in some
4 correspondence to the title of Ms.  Plaintiff now indicates that he prefers to be addressed as Mr.
5 The court finds no grounds in which to impose sanctions against counsel.  However, the court
6 requests defense counsel address plaintiff with the title of Mr. in future correspondence, and treat
7 plaintiff with dignity and respect as they would any other person.
8    Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the
9 appointment of counsel (Doc. 40) is denied.

 DATED:  February 6, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE