1

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   JAMES L. JEFFERSON                          No. CIV S-10-0340-MCE CMK-P

11              Plaintiff,

12        vs.                                    FINDINGS AND RECOMMENDATIONS

13   J.R. WEAVER, et al.,

14              Defendants.

15   _____/

16              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

17   U.S.C. § 1983.  Pending[1] before the court is defendant's unopposed motion for summary

18   judgment (Doc. 39).

19                              **I.  BACKGROUND**

20   **A.  <u>Plaintiff's Allegations</u>**

21              This case proceeds on plaintiff's original complaint (Doc. 1), but limited to the

22   claims that defendants Doowley and Weaver violated plaintiff's Eighth Amendment rights.

23   Plaintiff's other claims, including the destruction of property, have been dismissed.  Plaintiff

24   _____

25        [1]     Defendants have also filed a motion to dismiss (Doc. 36) based on plaintiff's
     failure to participate in this action.  While that motion has not been withdrawn, it is now moot
     given the motion for summary judgment the defendants have filed, and based on the discussion
26   below, the undersigned recommends be granted.

1  alleges defendants Doowley and Weaver failed to protect him from harm, and placed his safety at

2  risk, in violation of the Eighth Amendment.  Specifically, he alleges defendant Weaver

3  threatened to have him killed or assaulted, then followed through on those threats by refusing to

4  place him in a special needs yard and by telling other inmates he was a snitch.  He further claims

5  defendant Doowley put razor blades into his food.

6  **B. <u>Undisputed Facts</u>**

7  Defendants submit that the court has granted their motion to compel, and has

8  deemed the requests for admissions propounded on plaintiff to be admitted, based on plaintiff's

9  failure to respond either to the requests or to the motion to compel.  Rule 36 of the Federal Rules

10 of Civil Procedure allows a party to request another party to admit the truth of any matters

11 relating to the facts at issue in the case or the genuineness of any described document.  Fed. R.

12 Civ. Proc. 36(a)(1).  It further provides that a request for admission is deemed admitted if a

13 response to the request is not served within thirty days of service of the request.  Rule 36

14 continues by providing "[a] matter admitted under this rule is conclusively established unless the

15 court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P 36(b).

16 The court is permitted to allow the "withdrawal or amendment if it would promote the

17 presentation of the merits of the action and if the court is not persuaded that it would prejudice

18 the requesting party in maintaining or defending the action on the merits."  <u>Id.</u>

19 By operation of law, due to plaintiff's failure to respond to the defendants' request

20 for admissions or the motion to compel, the requests for admissions have been deemed admitted.

21 (<u>See</u> Order, Doc. 35).  While the court has the ability to withdraw or amend the admissions, it

22 may do so only upon motion by the responding party.  Plaintiff has filed no such motion[2], nor

23

24     [2]  Even if plaintiff were to file such a motion at this late day, or question the use of
the admissions in his objections to these findings and recommendations, he would have to not

25 only allege good cause for failing to respond to the request for admissions, but also show good
cause for not requesting assistance from the court in a timely manner pursuant to Rule 36(b).

26 Because plaintiff does not address the admissions in his objections, the court is unaware whether
plaintiff ever received the requests, whether he did in fact respond to the requests, whether there

filed an opposition to the pending motion for summary judgment based on those admissions.

Given the above status, despite the allegations stated in the amended complaint, the following facts  are considered undisputed given the requests for admissions having been deemed admitted:

1.    JENNIFER WEAVER did not violate any of [plaintiff's] constitutional rights;

2.    JENNIFER WEAVER did not violate any of [plaintiff's] rights under the Eighth Amendment;

3.    JENNIFER WEAVER did not blackmail the appeal system toward [plaintiff];

4.    JENNIFER WEAVER did not conduct a false interview with [plaintiff];

5.    JENNIFER WEAVER did not tell [plaintiff] she was going to have [plaintiff] raped and beaten up;

6.    JENNIFER WEAVER did not file false information to have [plaintiff] transferred;

7.    JENNIFER WEAVER did not tell [plaintiff] that [he] should be dead by July because of her influence;

8.    JENNIFER WEAVER did not tell [plaintiff's] new prison to make sure to put [him] on a yard where [he] would have no way to run;

9.    JENNIFER WEAVER did not order correctional officers to try to get inmates to beat [plaintiff] up;

10.    JENNIFER WEAVER did not go out of her way to stop [plaintiff] from filing any paperwork about her;

11.    JENNIFER WEAVER did not use her influence to torture [plaintiff];

12.    JENNIFER WEAVER did not say she would watch [plaintiff] get killed on television;

13.    JENNIFER WEAVER did not try to commit murder or attempted murder toward [plaintiff];

14.    JENNIFER WEAVER is not continuing to try to do "things" to [plaintiff], as alleged in [the] complaint;

15.    [Plaintiff] did not exhaust [his] administrative remedies as to [his] complaints against JENNIFER WEAVER.

16.    Correctional Officer DOOLEY did not violate any of [plaintiff's] constitutional rights;

17.    Correctional Officer DOOLEY did not violate any of [plaintiff's] rights under the Eighth Amendment;

18.    Correctional Officer DOOLEY is not a friend of JENNIFER WEAVER;

19.    Correctional Officer DOOLEY did not say she would watch [plaintiff] get killed on TV;

/ / /

---

was some force interfering with his ability to respond thereto, he did not understand what to do with them, or he simply ignored them.  Because pro se plaintiffs are expected to follow the Federal Rules of Civil Procedure, plaintiff's failure to respond or address the issue leaves the court with the matters deemed admitted.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995)

1  20. Correctional Officer DOOLEY did not show [plaintiff] how fags should burn in hell;

2  21. Correctional Officer DOOLEY did not make sure that [plaintiff was] sent from one prison to another by [himself] without [his] property;

3  22. Correctional Officer DOOLEY did not threaten to have [plaintiff] beaten up;

4  23. Correctional Officer DOOLEY did not put small razor blades in [plaintiff's] coffee;

5  24. Correctional Officer DOOLEY did not place razor blades in [plaintiff's] seasoned salt;

6  25. Correctional Officer DOOLEY did not commit murder on [plaintiff];

  26. Correctional Officer DOOLEY did not try to commit attempted murder
7     toward [plaintiff]; and

8  27. Correctional Officer DOOLEY is not continuing to try to do "things" to [plaintiff], as alleged in [the] complaint.

9 (Mot. for Summ. J., Doc. 39-7).

10        **II.  STANDARD FOR SUMMARY JUDGMENT**

11    Summary judgment is appropriate when it is demonstrated that there exists "no

12 genuine issue as to any material fact and that the moving party is entitled to a judgment as a

13 matter of law."  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

14    always bears the initial responsibility of informing the district court of the
     basis for its motion, and identifying those portions of "the pleadings,
15    depositions, answers to interrogatories, and admissions on file, together
     with the affidavits, if any," which it believes demonstrate the absence of a
16    genuine issue of material fact.

17 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

18 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

19 judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

20 to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

21 after adequate time for discovery and upon motion, against a party who fails to make a showing

22 sufficient to establish the existence of an element essential to that party's case, and on which that

23 party will bear the burden of proof at trial.  Id. at 322.  "[A] complete failure of proof concerning

24 an essential element of the nonmoving party's case necessarily renders all other facts

25 immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

26 whatever is before the district court demonstrates that the standard for entry of summary

1     judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

2            If the moving party meets its initial responsibility, the burden then shifts to the

3     opposing party to establish that a genuine issue as to any material fact actually does exist. See

4     Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

5     establish the existence of this factual dispute, the opposing party may not rely upon the

6     allegations or denials of its pleadings but is required to tender evidence of specific facts in the

7     form of affidavits, and/or admissible discovery material, in support of its contention that the

8     dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

9     must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

10    of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

11    T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and

12    that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict

13    for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

14           In the endeavor to establish the existence of a factual dispute, the opposing party

15    need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

16    claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

17    versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

18    judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

19    genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

20    committee's note on 1963 amendments).

21           In resolving the summary judgment motion, the court examines the pleadings,

22    depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

23    any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See

24    Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed

25    before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

26    Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

1   produce a factual predicate from which the inference may be drawn.  <u>See Richards v. Nielsen</u>

2   <u>Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir.

3   1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

4   show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

5   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

6   'genuine issue for trial.'"  <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

7                                              **III.  DISCUSSION**

8                Plaintiff alleges defendants violated his Eighth Amendment rights by placing him

9   in danger and putting razor blades in his food.

10               The treatment a prisoner receives in prison and the conditions under which the

11  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

12  and unusual punishment.   <u>See Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>,

13  511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of

14  dignity, civilized standards, humanity, and decency."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 102

15  (1976).  Conditions of confinement may, however, be harsh and restrictive.  <u>See Rhodes v.</u>

16  <u>Chapman</u>, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

17  "food, clothing, shelter, sanitation, medical care, and personal safety."  <u>Toussaint v. McCarthy</u>,

18  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

19  when two requirements are met: (1) objectively, the official's act or omission must be so serious

20  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

21  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

22  inflicting harm.  <u>See Farmer</u>, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

23  official must have a "sufficiently culpable mind."  <u>See id.</u>

24               Under these principles, prison officials have a duty to take reasonable steps to

25  protect inmates from physical abuse.  <u>See Hoptowit v. Ray</u>, 682 F.2d 1237, 1250-51 (9th Cir.

26  1982); <u>Farmer</u>, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1)

1   objectively, the prisoner was incarcerated under conditions presenting a substantial risk of

2   serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer,

3   511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge

4   element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not

5   liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer,

6   511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison

7   officials know for a certainty that the inmate's safety is in danger, but it requires proof of more

8   than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

9   Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison

10  officials actually knew of a substantial risk, they are not liable if they took reasonable steps to

11  respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

12          In the motion for summary judgment, defendants rely solely on plaintiff's deemed

13  admissions to support the argument that they did not violate plaintiff's Eighth Amendment rights.

14  Defendants asks the court to grant summary judgment on the strength of those deemed

15  admissions, and no other supporting affidavits or evidence.  Plaintiff fails to oppose this motion,

16  or to provide any supporting evidence for his claims.

17          As this court has previously advised defense counsel, using deemed admissions as

18  the only basis in support of a defense motion for summary judgment is not the preferred method

19  of addressing such an action.  However, without a motion from the plaintiff requesting his

20  deemed admissions be withdrawn, or any opposition from plaintiff to the motion at all, the court

21  is left with the admissions.  Thus, defendants have established, despite the allegations in the

22  complaint, that the undisputed facts show they did not violate plaintiff's Eighth Amendment

23  rights by deliberately placing him in harms way or by placing razor blades in his food.   The

24  burden then shifts to plaintiff to establish a genuine issue of material fact exists, which, given the

25  lack of opposition to the motion, he has failed to do.

26  / / /

## IV.  CONCLUSION

The undersigned finds no genuine issue as to any material fact.  Given plaintiff's deemed admissions, lack of any motion from plaintiff to have those admissions withdrawn, and lack of opposition to the motion for summary judgment, it stands that defendants did not act in violation of plaintiff's Eighth Amendment rights by failing to protect him from abuse or putting razor blades into his food.

Based on the foregoing, the undersigned recommends that:

1.     Defendants' motion for summary judgment (Doc. 39) be granted;

2.     Defendants' motion to dismiss for plaintiff's lack of participation (Doc. 36) be denied as moot;

3.     Judgment be entered in favor of defendants; and

4.     The Clerk of the Court be directed to enter judgment and close this case .

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  May 22, 2012


_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

8